J. William JOHNSON and
Brent W. Johnson,

v.

Reggie MERRITT.

Court of Appeals of Tennessee,
Eastern Section, at Knoxville.

Assigned on Briefs, June 19, 2008.

Aug. 6, 2008.

Permission to Appeal Denied by
Supreme Court Feb. 17, 2009.

James H. Snyder, Jr., Alcoa, Tennessee, for appellant, Reggie Merritt.

Brent W. Johnson, Maryville, Tennessee, for appellees, J. William Johnson and Brent W. Johnson.

## OPINION

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

Appellant's appeal from the Sessions Court was dismissed by the Circuit Court as untimely filed. On appeal, we reinstate the case for trial.

This case originated with the filing of a civil warrant in Blount County General Sessions Court, alleging trespass on plaintiffs' property by defendant. The warrant reflects a judgment of $2,400.00 in plaintiffs' favor, which the Court signed on July 5, 2007. The record shows the General Sessions Court entered an Order on June 29, 2007, wherein the Court detailed its findings of fact and its basis for the award of damages. The concluding paragraph of the Order reads:

Court costs are taxed to the Defendant, for such costs let execution issue if necessary. The civil warrant form which initiated this action will be signed by the Court on Thursday, July 5, 2007 and will indicate a finding in favor of the Plaintiff in the amount so stated. All exhibits and the trial brief of the parties will be retained in the Court's file; the cases attached to the briefs and submitted during trial by the parties will be discarded.

That Order was signed on June 29, and the Court then signed the Judgment section of the civil warrant on July 5, indicating the judgment for the plaintiffs in the amount of $2,400.00.

Defendant filed a Notice of Appeal on July 12, and the Trial Court responding to plaintiffs Motion to Dismiss, dismissed the appeal as untimely.

On appeal to this Court, the appellant argues that the ten day statutory period should have begun to run when the judgment section of the warrant was signed on July 5, thus making the appeal filed on July 12 timely. Appellees argue, and the Trial Court agreed, that the Order entered by the Court on June 29 was a final order, making the appeal on July 12 as untimely.

Tenn.Code Ann. § 27–5–108(a)(1) states "[a]ny party may appeal from an adverse decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter." We do not find any statutory or case authority which conclusively resolves the issue regarding whether the judgment section of a warrant must be signed to establish a final judgment in sessions court. Generally speaking, this Court has stated that a "final judgment is one that resolves all the issues in the case, leaving nothing else for the trial court to do." *State ex rel. McAllister*

*v. Goode,* 968 S.W.2d 834, 840 (Tenn.Ct. App.1997).

In this case, the Order entered by the Court on June 29 left no issues to be resolved. However, the Court's pronouncement in the Order detailed above, that it would sign the civil warrant form on July 5, 2007 and thereby "indicate a finding in favor of the Plaintiff in the amount so stated", establishes that the Sessions Judge intended to enter Judgment on July 5.

While the Trial Court's entering the judgment on the civil warrant may be considered a ministerial function by the Court, it is clear that the Court intended that the judgment would be final on July 5 when the warrant was signed, otherwise the condition would not have been contained in the prior order.

We conclude the Trial Judge was in error in dismissing the appeal, and we remand to the Circuit Court for a trial *de novo* on the merits. The cost of the appeal in our discretion is assessed one-half to J. William and Brent W. Johnson, and one-half to Reggie Merritt.